UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
U.S.W.U. LOCAL 74 SUPPLEMENTAL
BENEFITS FUND, and U.S.W.U. LOCAL 74             19-cv-
401K PLAN, by Trustee SAL ALLADEEN,
                                                  COMPLAINT
          Plaintiffs,

     -against-

PARIS MAINTENANCE & MANAGEMENT,
CO., INC.

          Defendant.
-------------------------------------------------------------X

      Plaintiffs, U.S.W.U. LOCAL 74 WELFARE FUND, by its Trustees Sal Alladeen and Ed Clevenger, and the U.S.W.U. LOCAL 74 SUPPLEMENTAL BENEFITS FUND and the U.S.W.U. LOCAL 74 401K PLAN by their Trustee SAL ALLADEEN, by their attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant PARIS MAINTENANCE & MANAGEMENT, CO., INC., allege the following:

### NATURE OF ACTION

1.     This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to make benefit fund contributions on behalf of its employees in accordance with the applicable law, trust agreements, and the collective bargaining agreement.

### JURISDICTION

2.     Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

1

## VENUE

3. Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the employee benefit plans are administered in this District.

## PARTIES

4. At all times relevant herein the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen is a Trustee of the WELFARE FUND and appears in his representative capacity.

5. At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. At all times relevant herein the U.S.W.U. LOCAL 74 SUPPLEMENTAL BENEFITS FUND (hereinafter "the SUPPLEMENTAL BENEFITS FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen is a Trustee of the SUPPLEMENTAL BENEFITS FUND and appears in his representative capacity.

7. At all times relevant herein, the SUPPLEMENTAL BENEFITS FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

8. At all times relevant herein the U.S.W.U. LOCAL 74 401K PLAN (hereinafter "the 401K PLAN"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections

1002(1), (2), (3) and 1132(d)(1). Sal Alladeen is a Trustee of the 401K PLAN and appears in his representative capacity.

9. At all times relevant herein, the 401K PLAN had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

10. Upon information and belief, defendant PARIS MAINTENACE & MANAGEMENT, CO., INC. ("PARIS MAINTENANCE") was a domestic corporation with offices located at 545 Meacham Avenue, Elmont, New York, 11003.

11. At all relevant times herein, PARIS MAINTENANCE was an employer in an industry affecting commerce within the meaning of ERISA §§ (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

12. At all relevant times herein, there were in force and effect collective bargaining agreements, including extensions thereof, by and between Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74"), and PARIS.

13. At all relevant times herein, said collective bargaining agreements and extensions thereof established terms and conditions of employment of Local 74 bargaining unit workers, including that PARIS was required to make contributions to the WELFARE FUND, SUPPLEMENTAL BENEFITS FUND (and/or its predecessor funds), and the 401K PLAN for its covered employees.

14. At all relevant times herein, there was in force and effect a Declaration of Trust of the WELFARE FUND, a Delinquent Contribution Collection Policy, and Trustee resolutions, among other documents affecting contributions to the WELFARE FUND with which defendant was required to comply.

15. At all relevant times herein, there was in force and effect a Declaration of Trust of the SUPPLEMENTAL BENEFITS FUND, a Delinquent Contribution Collection Policy, and Trustee resolutions, among other documents affecting contributions to the SUPPLEMENTAL BENEFITS FUND with which defendant was required to comply.

16. At all relevant times herein, there was in force and effect a Declaration of Trust of the 401K PLAN, a Delinquent Contribution Collection Policy, and Trustee resolutions, among other documents affecting contributions to the 401K PLAN with which defendant was required to comply.

## COUNT I

17. Plaintiffs repeat the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

18. Despite due demand therefor, PARIS MAINTENANCE has failed and/or refused to make required contributions to the Plaintiffs on behalf of covered employees for various months, including but not limited to August to November, 2019, inclusive, in the approximate principal amount of $39,622.17, exclusive of interest.

19. Upon information and belief, the failure and/or refusal of PARIS MAINTENANCE to make required contributions for covered employees will continue after the date of the filing of this action so that the foregoing delinquency (and accrued interest) will increase.

20. The failure and/or refusal by PARIS MAINTENANCE to make such required contributions to the Plaintiffs is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, Collection Policies, and of ERISA §515, 29 U.S.C. § 1145.

21. By reason of the foregoing, Plaintiffs are entitled to judgment for the principal amount of the delinquencies due and owing as of the date judgment enters, together with interest, past due interest, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiffs demand judgment against Defendant PARIS MAINTENANCE awarding as follows:

(a) the sum of $39,622.17, or such large sum as may be due and owing at the time judgment enters, as and for the principal amount of unpaid contributions;

(b) interest on the principal amount of the unpaid contributions found to be due and owing from the date due until the date paid at the rate of 10$ per year compounded;

(c) liquidated damages calculated as 20% of the principal amount of unpaid contributions found to be due and owing;

(d) attorneys' fees, costs, and expenses of this action;

(e) such other and different relief as the Court deems proper and just.

Dated: New York, New York
December 17, 2019

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN (GS9287)
ZACHARY HARKIN (ZH0620)
Attorneys for Plaintiffs
45 Broadway, Suite 2430
New York, New York 10006
(212) 571-7100